# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| LESIA JONES, | |
|                   Petitioner, | No. 19-0023V |
| | Special Master Christian J. Moran |
| v. | |
| | Filed: September 13, 2022 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Attorneys' Fees and Costs |
|                   Respondent. | |

* * * * * * * * * * * * * * * * * * * *

Milton C. Ragsdale, IV, Ragsdale LLC, Birmingham, AL, for Petitioner;
Alexa Roggenkamp, United States Dep't of Justice, Washington, DC, for Respondent.

**UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS**[1]

Pending before the Court is petitioner Lesia Jones' motion for final attorneys' fees and costs. She is awarded **$74,738.49**.

\* \* \*

On January 4, 2019, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34.

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

Petitioner alleged that the hepatitis B and varicella vaccines she received on or about September 7, 2016, which are contained in the Vaccine Injury Table, 42 C.F.R. §100.3(a), caused her to suffer post-herpetic neuralgia. On February 1, 2022, the parties filed a stipulation, which the undersigned adopted as his decision awarding compensation on the same day. 2022 WL 540018 (Fed. Cl. Spec. Mstr. Feb. 1, 2022).

On January 18, 2022, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner's motion requests attorneys' fees of $70,363.70 and attorneys' costs of $7,499.79 for a total request of $77,863.49. Pursuant to General Order No. 9, petitioner has indicated that she has not personally incurred any fees or costs related to the prosecution of his petition. Fees App. Ex. 4 at 2. On February 1, 2022, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner did not file a reply thereafter.

*     *     *

Because petitioner received compensation, she is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa–15(e). Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

### A. Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349.  There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl.  Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests the following rates of compensation for the work of her counsel: for Mr. M. Clay Ragsdale, $400.00 per hour for work performed in 2017, $410.00 per hour for work performed in 2018, $420.00 per hour for work performed in 2019, $430.00 per hour for work performed in 2020, and $450.00 per hour for work performed in 2021; and for Ms. Allison Riley, $270.00 per hour for work performed in 2017, $290.00 per hour for work performed in 2018, $305.00 per hour for work performed in 2019, $325.00 per hour for work performed in 2020, and $350.00 per hour for work performed in 2021. The undersigned has reviewed the requested rates and finds them to be reasonable and consistent with what special masters have previously awarded to petitioner's counsel for their Vaccine Program work. See, e.g. Eason v. Sec'y of Health & Human Servs., No. 18-406V, 2022 WL 1869353 (Fed. Cl. Spec. Mstr. May 9, 2022); Brown v. Sec'y of Health & Human Servs., No. 17-253V, 2018 WL 5095121 (Fed. Cl. Spec. Mstr. Sept. 6, 2018). Accordingly, the requested hourly rates are reasonable.

### B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed.  Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing entries and finds the request to be reasonable. Although the petition was not filed until January 2019, the billing records indicate that work for this case began over two years earlier.

Counsel's time prior to filing appears well spent because petitioner filed all the necessary medical records and a damages affidavit within two months of filing the petition, and the matter progressed to settlement discussions quickly despite multiple expert reports being filed. The billing entries contain sufficient detail to permit the undersigned to assess their reasonableness, and upon review none appear to be objectionable. Respondent also has not indicated that he finds any of the billing entries to be objectionable. Therefore, petitioner is awarded final attorneys' fees in the amount of $70,363.70.

### C. Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $7,499.79 in attorneys' costs. This amount is comprised of acquiring medical records, the Court's filing fee, postage, and work performed by a medical expert, Dr. Chander Raman.

Dr. Raman is an immunologist who billed 12.5 hours at $500.00 per hour to review petitioner's medical records and submitted an expert report. However, Dr. Raman is not a medical doctor – he instead has a Ph.D. The undersigned has previously found that an appropriate rate for people who have earned a Ph.D. in immunology but do not have a medical license is $250.00 per hour, although a higher rate of $300.00 is reasonable when the expert has very strong qualifications. Lewis v. Sec'y of Health & Human Servs., No., 2020 WL 831998, at *7 (Fed. Cl. Spec. Mstr. Jan. 24, 2020), mot. for rev. denied in relevant part, 149 Fed. Cl. 308, 314-15 (2020) (citing Dominguez v. Sec'y of Health & Human Servs., No. 12-378V, 2018 WL 3028975 (Fed. Cl. Spec. Mstr. May 25, 2018)).

Dr. Raman was a competent expert but lacks some of the premier credentials that would merit an hourly rate of $300.00, let alone $500.00 per hour. For example, the immunologist in Lewis, Dr. Akbari, has years of demonstrated Vaccine Program experience on top of excellent credentials. Petitioner has also failed to substantiate $500.00 per hour as a reasonable rate for Dr. Raman or *any* immunologist, such as an affidavit from Dr. Raman or perhaps another Ph.D. immunologist. See Guidelines for Practice under the National Vaccine Injury Compensation Program, Sect. X, Chap. 3 ¶ B.1.c (describing evidence relevant to establishing a reasonable hourly rate for an attorney). Accordingly, $250.00 per hour is a reasonable rate for Dr. Raman in this case. Dr. Raman's invoice contained a good amount of detail and the undersigned finds the hours he billed to be

reasonable. Therefore, a reasonable amount for Dr. Raman's work in this case is $3,125.00.

The remainder of the costs are all reasonable and supported with the proper documentation and shall be awarded in full. Petitioner is therefore awarded final attorneys' costs totaling $4,374.79.

D.   Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$74,738.49** (representing $70,363.70 in attorneys' fees and $4,374.79 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Mr. M. Clay Ragsdale, IV.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.